13-3795-cv
*AEP-PRI Inc. v. Galtronics Corporation Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
              RICHARD C. WESLEY,
              DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

---

AEP-PRI INC.,

          *Plaintiff-Appellant,*

    -v.-                          No. 13-3795-cv

GALTRONICS CORPORATION LTD.,
GALTRONICS ELECTRONICS (WUXI)
CO. LTD.,

          *Defendants-Appellees.*

---

FOR APPELLANT:      Francis A. Miniter, Kensington, CT.

FOR APPELLEES:      David P. Zaslowsky (Laura R. Zimmerman, *on the brief*), Baker & McKensie LLP, New York, NY.

---

Appeal from the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

AEP-PRI Inc. ("AEP") appeals from two orders of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*) one dismissing AEP's complaint and another denying AEP's motion to amend the judgment.

Under 28 U.S.C. § 1359, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." "We give careful scrutiny to assignments which might operate to manufacture diversity jurisdiction." *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995).

"[A]ssignments between parent companies and their subsidiaries" – as occurred here – "must be treated as presumptively ineffective." *Id*. To overcome

this presumption, the plaintiff-assignee must "articulate a legitimate business purpose for the assignment." *Id*. at 863. The district court properly determined that AEP failed to do so in this instance.

The district court was also within its discretion to deny AEP's motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Given the facts of this case, the district court was in its discretion to reject AEP's offered explanation for why it had failed to previously provide the "new" facts included in its motion to amend.

We have considered AEP's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk